IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-166-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CORDARO BUNCH, ) | |
| ) | |
| Defendant. ) | |

On August 7, 2019, Cordaro Bunch ("Bunch" or "defendant") moved for relief from his 276-month sentence under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 42]. On August 8, 2019, Bunch amended his motion [D.E. 43]. On August 22, 2019, the United States responded in opposition [D.E. 45]. On September 3, 2019, Bunch replied [D.E. 46]. On April 8, 2020, the court denied relief. See [D.E. 49]. Bunch appealed. See [D.E. 50]. On August 20, 2020, the United States Court of Appeals for the Fourth Circuit remanded the action for reconsideration in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020). See [D.E. 55].

On September 11, 2020, the court received a revised Presentence Investigation Report ("PSR"). See [D.E. 58]. On November 13, 2020, Bunch filed a memorandum and requested a 92-month sentence. See [D.E. 59]. On April 2, 2021, Bunch filed a motion to expedite [D.E. 60]. As explained below, the court grants Bunch's motion in part and reduces Bunch's sentence to 168 months' imprisonment and four years' supervised release.

I.

On August 18, 2008, pursuant to a plea agreement, Bunch pleaded guilty to conspiracy to

distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 [D.E. 1, 20–21, 33]. On November 19, 2008, the court held Bunch's sentencing hearing and calculated Bunch's advisory guideline range to be 262 to 327 months' imprisonment based on a total offense level 34 and a criminal history category VI. See PSR [D.E. 52] ¶ 45. In calculating Bunch's advisory guideline range, the court adopted the facts set forth in the PSR and ruled on Bunch's objections. See Fed. R. Crim P. 32(i)(3)(A)–(B). After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Bunch as a career offender to 276 months' imprisonment and five years' supervised release. See [D.E. 23, 24]. Bunch did not appeal.

On March 26, 2012, Bunch moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 25]. On April 24, 2013, the court granted the United States' motion to dismiss and dismissed Bunch's motion to vacate his sentence [D.E. 34]. On April 28, 2014, Bunch moved to reopen the court's denial of his motion to vacate his sentence under Rule 60(b) of the Federal Rules of Civil Procedure [D.E. 36]. On January 28, 2015, the court dismissed Bunch's Rule 60(b) motion and denied a certificate of appealability [D.E. 40]. Bunch did not appeal.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

On December 21, 2019, the First Step Act went into effect. See First Step Act, 132 Stat. at

2

5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Under the First Step Act, a court "that imposed a sentence for a covered offense . . . may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); Chambers, 956 F.3d at 671; United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted). "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c); see, e.g., United States v. Gravatt, 953 F.3d 258, 260–61 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94c80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 7, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

3

Bunch is 34 years old, no longer a career offender, and his new advisory guideline range is 87 to 108 months' imprisonment based on a total offense level 27 and a criminal history category III. See [D.E. 58] 2. The court has discretion to reduce Bunch's sentence and has considered the new advisory guideline range. See Chambers, 956 F.3d at 673–75; Gravatt, 953 F.3d at 260–61; Wirsing, 943 F.3d at 184–86; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4. The court has completely reviewed the entire record, the arguments, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75. Bunch engaged in serious criminal conduct in 2008 and distributed 313.7 grams of cocaine base (crack) and a quantity of cocaine. See PSR ¶¶ 1–7. Additionally, Bunch did so as a member of the gang Gangsta Killa Bloods. See id. ¶ 6.

Bunch's serious criminal behavior was no surprise. When Bunch committed his federal offense, Bunch already had a serious criminal record and had performed poorly on supervision. See id. ¶¶ 10–13. Bunch's state-court convictions include possession with intent to manufacture, sell, or deliver marijuana, two counts of resisting a public officer, second degree trespassing, and trafficking in cocaine by possession. See id. Although Bunch has taken some positive steps while incarcerated, he sustained disciplinary infractions for fighting with another person (2010), two counts of violating visiting regulations (2016 and 2017), two counts of possessing gambling paraphernalia (2016 and 2017), three counts of refusing to obey an order (all in 2017), conducting a gambling pool (2017), three counts of possessing unauthorized item (2017, 2018, and 2020), and abusing the phone (2018). See [D.E. 58] 2; [D.E. 59] 4–6; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. McDonald, 986 F.3d 402, 409–12 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 395–98 (4th Cir. 2019).

Bunch's continued serious misconduct in prison reflects a man who refuses to comply with

4

basic rules of conduct in custody and gives the court little hope that he will comply with the terms of supervised release or the criminal law once released. Bunch's serious misconduct in prison, when coupled with his serious criminal behavior and serious criminal record, bespeaks a person who refuses to conduct himself appropriately and will likely reoffend upon release. The court declines Bunch's request for a 92-month sentence as inconsistent with the section 3553(a) factors and the record. Nevertheless, balancing Bunch's serious criminal conduct, serious criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to promote respect for the law, and the need to incapacitate Bunch with the new advisory guideline range, the court reduces Bunch's sentence to 168 months' imprisonment and four years' supervised release. See, e.g., Chavez-Mesa, 138 S. Ct. at 1966–68; 18 U.S.C. § 3553(a).

In reaching this decision, the court has considered the new advisory guideline range, the entire record, and the section 3553(a) factors. However, even if the court miscalculated the advisory guideline range, the court would not further reduce Bunch's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jiminez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS in part defendant's motion for reduction of sentence and reduces his sentence to 168 months' imprisonment and four years' supervised release. The court DENIES as moot defendant's motion to expedite [D.E. 60].

SO ORDERED. This 8 day of April 2021.

JAMES C. DEVER III
United States District Judge

5

Case 5:08-cr-00166-D Document 61 Filed 04/08/21 Page 5 of 5